NEVADA STATE BANK, Appellant, *v.* LUCILE FISCHER, Respondent.

No. 8539

June 15, 1977                    565 P.2d 332

*Freedman and Whelton,* of Las Vegas, for Appellant.

*Miriam Shearing,* of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

The Nevada State Bank charged Lucile Fischer's account $2,000 when it received notice that a check in that amount, endorsed by her, had been dishonored. Therefore, she commenced this action against the Bank for wrongfully so debiting her account.

The district court ruled that her liability as endorser was discharged since notice of dishonor was not timely given her. Judgment was entered in her favor together with interest, costs, and attorney fees. The Bank appeals from that judgment. We affirm.

The facts are not disputed. On May 1, 1970, Mrs. Fischer endorsed a $2,000 check payable to the drawer and drawn on the Clayton Bank of Clayton, Missouri. She did this as an accommodation to the payee-drawer. The Nevada State Bank cashed the check for the payee-drawer and initiated collection through Valley Bank of Nevada that same day.

On July 28, 1970, the Valley Bank of Nevada notified Nevada State Bank that the check had been dishonored stating "original lost in transit-account closed." On July 29, 1970, the Nevada State Bank debited Mrs. Fischer's account for $2,000 and notified her in writing of the payor bank's dishonor of the check.

The record does not disclose which of the several banks involved in the collection process either lost the check or delayed action with regard to it. It is clear, however, that Nevada State Bank acted promptly upon receiving notice of

dishonor. Whether it was permissible in these circumstances for that bank to charge its innocent depositor rather than to look to one of the other banks involved is the issue for our decision.

1. Lucile Fischer endorsed the check as an accommodation party and is liable in the capacity in which she signed. NRS 104.3415.[1] By endorsing the check she engaged that upon dishonor and any necessary notice of dishonor and protest, she would pay the instrument according to tenor at the time of her endorsement. NRS 104.3414(1).[2]

An endorser is a secondary party, NRS 104.3102(1)(d), whose liability is subject to the preconditions of presentment, NRS 104.3501(1)(b), and proper notice of dishonor, NRS 104.3501(2)(a). Where, without excuse, any necessary presentment or notice of dishonor is delayed beyond the time it is due, an endorser is discharged. Such is the command of NRS 104.-3502(1).

It is the contention of Nevada State Bank that since it initiated collection within one day of the endorsement and notified the endorser of dishonor within one day of receipt of such notice by it, "delay" does not exist and Mrs. Fischer, as endorser, is not discharged from liability.

An uncertified check must be presented for payment, or collection initiated thereon, within a reasonable time, which in this case is presumed to be seven days. NRS 104.3503(2)(b).[3] Although the record does not advise us when presentment was

---

[1]NRS 104.3415: "1. An accommodation party is one who signs the instrument in any capacity for the purpose of lending his name to another party to it.

"2. When the instrument has been taken for value before it is due the accommodation party is liable in the capacity in which he has signed even though the taker knows of the accommodation."

[2]NRS 104.3414(1): "Unless the endorsement otherwise specifies (as by such words as 'without recourse') every endorser engages that upon dishonor and any necessary notice of dishonor and protest he will pay the instrument according to its tenor at the time of his endorsement to the holder or to any subsequent endorser who takes it up, even though the endorser who takes it up was not obligated to do so." The endorsement here involved did not "otherwise specify."

[3]NRS 104.3503(2): "A reasonable time for presentment is determined by the nature of the instrument, any usage of banking or trade and the facts of the particular case. In the case of an uncertified check which is drawn and payable within the United States and which is not

made to the proper party, NRS 104.3504, we do know that Nevada State Bank initiated collection within one day after cashing the check. Consequently, bank collection was timely initiated.

In our view, however, the second precondition to liability of the endorser, that is, timely notice of dishonor, was not met. Although the Nevada State Bank notified Mrs. Fischer within its midnight deadline, NRS 104.4104,[4] after receipt of notice of dishonor from Valley Bank of Nevada, this fact, alone, does not resolve the timeliness issue.

The record does not disclose at what point in time the check first was dishonored. We know only that almost ninety days elapsed between Mrs. Fischer's endorsement of the check and her receipt of notice of its dishonor. It is apparent that one of the several banks involved in the collection process violated its midnight deadline in giving notice of dishonor. Had such bank given timely notice, Mrs. Fischer would have learned within a reasonable time that the check had been dishonored.

Prompt action by all parties to the transaction is contemplated before an endorser may be held liable. As stated in the official comment to sec. 3–503 of Uniform Commercial Code (our NRS 104.3503):

> "The endorser who has normally merely received the check and passed it on and does not expect to have to pay it, is entitled to know more promptly whether it is to be dishonored, in order that he may have recourse against the person with whom he has dealt."

As already expressed, at some time in the chain of collection a midnight deadline was violated. Notwithstanding such violation, we are asked to conclude that notice of dishonor given ninety days after initiation of bank collection was timely. We decline to so conclude. Mrs. Fischer's liability as an endorser was discharged when the violation of the midnight deadline by a bank, identity unknown, resulted in unreasonable delay in

---

a draft drawn by a bank the following are presumed to be reasonable periods within which to present for payment or to initiate bank collection:

"(a) . . . .

"(b) With respect to the liability of an endorser, 7 days after his endorsement."

[4]NRS 104.4104(1)(h): " 'Midnight deadline' with respect to a bank is midnight on its next banking day following the banking day on which it receives the relevant item or notice or from which the time for taking action commences to run, whichever is later."

notice of dishonor. The Nevada State Bank may look to the violator for its recovery. Cf. Fromer Distributor's Inc. v. Bankers Trust Company, 321 N.Y.S.2d 428 (1971). Its customer-endorser should not be held responsible for a violation of law committed by another bank involved in the chain of collection.

Affirmed.

BATJER, C. J., and MOWBRAY, GUNDERSON, and MANOU-KIAN, JJ., concur.